58 133
78 71
58 133
106 292

58 133
119 588

## EVERINGHAM v. BRADEN.

1. **Matured Crops:** DO NOT PASS WITH REALTY: SHERIFF'S DEED. The title of a party in possession of real estate, sold at foreclosure sale, to the crops standing thereon, is not divested until the execution of the sheriff's deed; and if the crops are fully matured and ripe at that time they will not pass by the conveyance.

*Appeal from Buchanan Circuit Court.*

THURSDAY, APRIL 20.

ACTION to recover certain corn claimed to be the property of the plaintiff. Trial to the court, judgment for the defendant, and plaintiff appeals.

*D. W. Buckhart*, for appellant.

*Lake & Harmon*, for appellee.

SEEVERS, CH. J.—One Cressy, in 1876, was the owner of certain real estate upon which he executed a mortgage to the plaintiff, which was duly foreclosed, and the real estate sold under execution to the plaintiff, July 2, 1878, subject to redemption. There being no redemption, the sheriff, on August 30, 1879, conveyed the premises to the plaintiff. One Richardson was the owner of a prior mortgage, executed by Cressy on said premises. This mortgage was foreclosed, and the real estate sold to

Richardson, in December, 1878, subject to redemption.  In December, 1879, the sheriff conveyed the premises to Richardson.  Prior to the foreclosure of either of said mortgages, Cressy conveyed all his interest in the real estate to Richardson, and in the spring of 1879 the latter leased the premises to the defendant, who planted thereon the corn in controversy, which was standing on said premises at the time they were conveyed to the plaintiff, but there was evidence tending to show, and the court was warranted in finding, it was fully matured and ripe at that time.  On September 27, 1879, the plaintiff gave the defendant notice to quit, and in November thereafter the plaintiff was put in possession of said premises.  Part of the corn was gathered and removed prior to September 27th, and a part afterward.

As the corn was ripe at the time the plaintiff procured the title, the case is brought within, and is controlled by, the rule recognized in *Hecht v. Dittman*, 56 Iowa, 679, unless such rule should not prevail, because the plaintiff was entitled to a deed on July 3, 1879, and therefore, as is claimed, entitled to possession.

In *Curtis v. Millard & Co.*, 14 Iowa, 128, the court said: "Under our statute the legal estate of a judgment debtor is not divested until after the expiration of the time for redemption, and the title is vested in the purchaser by deed from the sheriff."  The defendant was in possession, entitled to all the rights of Cressey, and his title to the corn was not divested until the execution of the sheriff's deed to the plaintiff.  As it was at that time ripe it did not pass by the conveyance.

AFFIRMED.