## RICHARDS v. KNIGHT.

1. **Mortgage:** FORECLOSURE SALE: DEED: RIGHT TO CROPS: MATURITY; QUESTION FOR JURY. As between the purchaser of land at a foreclosure sale and a tenant of the mortgagor, the latter is entitled to crops grown by him which are matured at the time the sheriff's deed is executed, though not yet severed from the land. (*Hecht v. Dettman*, 56 Iowa, 679; *Everingham v. Braden*, 58 Iowa, 133.) In this case the evidence was conflicting as to whether a crop of unharvested corn standing upon the mortgaged premises was fully matured, and no longer demanding nurture from the soil, on the twenty-third day of August,—the date of the sheriff's deed, and *held* that the finding of the jury that it was could not be disturbed on appeal.

2. **Evidence:** FACTS AND OPINIONS: THE WORD "CONSIDER." On the question of the maturity of a crop of corn, a witness, who was a farmer, was asked whether he "considered" the corn ripe at a certain time. *Held* not objectionable on the ground that it did not call for the fact as to maturity.

3. **Instructions:** AS TO MATTERS NOT PROVED. In an action to replevy corn, where, in an amendment to the petition, an agreement by the defendant to the sale of the corn by the sheriff pending the action was set up, and it was shown that the corn was sold by the sheriff, but not shown that it was sold under the agreement, instructions to the effect that defendant was bound by the quantity and price named in the agreement were uncalled for, and would have been erroneous.

4. ———: ABSTRACTLY CORRECT, BUT NOT SUPPORTED BY EVIDENCE. An instruction asked, though correct as an abstract proposition of law, is properly refused, when it is based upon a theory of which there is no evidence. (See opinion for instance.)

5. Appeal: STRIKING ABSTRACT FROM FILE. A correction of appellee's abstract in the respects in which the appellant claimed it was deficient was not filed within proper time. *Held* that appellant could not have been prejudiced by the delay, and his motion to strike it from the files is overruled.

*Appeal from Carroll District Court.*—Hon. J. H. MACOMBER, Judge.

FILED, JUNE 3, 1889.

THIS is an action of replevin for a quantity of corn. There was a trial by jury, and a verdict and judgment for the defendant. Plaintiff appeals.

*John Brown* and *F. M. Powers,* for appellant.

*Macomber & Son,* for appellee.

ROTHROCK, J.—I. It appears from the pleadings and evidence that the corn in question was raised upon certain land in Carroll county, in the year 1887. The land at one time belonged to one Trull, who mortgaged it to Jennie C. Richards, the plaintiff herein, to secure the payment of a debt. An action of foreclosure was had, and the land was sold to the plaintiff upon foreclosure, and a sheriff's deed was made and delivered to her on the twenty-third day of August, 1887. In the spring of that year the defendant leased part of the land of Trull, and planted it in corn. The corn was cultivated by the defendant, and on the ninth day of October, 1887, the plaintiff commenced this action, in which she claimed that the corn was her property, because the ownership thereof passed to her with the title to the land at the date of the conveyance to her on the said twenty-third day of August. It was held in *Hecht v. Dettman,* 56 Iowa, 679, that, as between the purchaser of land at a

*1. MORTGAGE: foreclosure sale: deed: right to crops: maturity: question for jury.*

Richards v. Knight.

foreclosure sale and a tenant of the mortgagor, the latter is entitled to crops grown by him which are matured at the time the sheriff's deed is executed, though not yet severed from the land. This case was followed and approved in *Everingham v. Braden*, 58 Iowa, 133, and it was therein further held that the tenant's title to the crop was not affected by the foreclosure until the execution and delivery of the sheriff's deed, although the purchaser at the sheriff's sale was entitled to the deed before it was actually made. The question presented to the jury for its determination in this case was whether the corn in controversy was matured on the twenty-third day of August, 1887. On this question farmers who had seen the corn were called as witnesses from all the country round, and there was a well-defined conflict in their testimony on the question. It is unnecessary to repeat the evidence here. It is sufficient to say that the jury was warranted in finding that the corn was planted in April; that it was a remarkably early season, and that at the time named it was fully matured, and no longer demanded nurture from the soil.

II. In the course of the examination of the witnesses, objections were made to certain questions, and answers thereto, and rulings made upon the objections by the court, of which plaintiff complains. One witness was asked this question : "Don't farmers consider corn mature when it is fit to cut up?" Another was asked : "You may state to the jury whether or not you consider the corn mature at that time.". Objections to these questions were overruled. We do not think it necessary to set out the numerous other objections which were made. We have given these as a sample, for the purpose of showing that they were all without prejudice to the appellant. The argument upon the two objections above cited is that the question was, not what was considered by farmers, but what the fact was as to the maturity of the crop. It is apparent that there should be no reversal on account of these rulings.

2. EVIDENCE: facts and opinions: the word "consider."

The use of the word "consider" neither misled the jury nor the witnesses. In the connection in which the word occurs in the questions it is used as synonymous with "thought" or "believed," and is not objectionable. We discover no error in the conduct of the trial, upon the rulings as to the admission and exclusion of evidence.

III. The corn in question was taken by the sheriff upon the writ of replevin. The plaintiff filed an amendment to the petition, in which it was

3. INSTRUCTIONS: as to matters not proved.

averred, in substance, that, after the corn was taken by the officer, the defendant Knight consented that it be sold to one Armstrong for ninety dollars, the price being twenty-five cents a bushel, and that there were three hundred and sixty bushels, and that defendant is now estopped from asserting that there were more than three hundred and sixty bushels, or that it was worth more than twenty-five cents per bushel. The plaintiff complains because the court did not instruct the jury upon the effect of this alleged agreement. There was no necessity for such instructions, and it would have been improper to have given them, because there was no evidence that the corn was sold to Armstrong by virtue of an agreement between the parties. The only evidence upon that question is that the sheriff sold the corn to Armstrong at an under-estimate of the quantity, and that when Armstrong ascertained that he had bought it for less than it was worth he paid the defendant twenty-five dollars as a gratuity.

IV. The plaintiff requested the court to give to the jury the following instruction: "Where a tenant plants a crop which he knows he cannot reap before his landlord's rights cease and the equity of redemption expires, and the land passes to

4. ——: abstractly correct, but not supported by evidence.

a sheriff's deed, he does so at his peril, and cannot be heard to complain." The instruction was refused, and plaintiff excepted, and assigns the ruling as error. It may be that this instruction is correct as an abstract proposition. But it was not erroneous to refuse to give it to the jury. There is no evidence that the defendant

knew that the plaintiff would take her deed before the crop matured, and whether she did so was the very question submitted to the jury. It was conceded all through the trial, and the court instructed the jury, that, if the crop was not matured when the deed was delivered, the plaintiff was the owner, and entitled to a verdict.

V. One ground in the motion for new trial was the alleged misconduct of appellee's counsel in offering to introduce improper evidence to the jury, and in making the offer in the presence and hearing of the jury. It is claimed that the motion should have been sustained on this ground. The showing made by appellee's counsel as to what occurred on the trial is a complete exoneration from the charge of improper conduct, and the motion was rightfully overruled, so far as this ground is involved.

VI. Appellant filed a motion to strike appellee's abstract and a supplement thereto from the files, because the abstract does not purport to be an abstract of all the evidence, nor does it purport to be an addition to appellant's abstract, and because the supplement to the abstract was not filed within proper time. The motion will be overruled. The appellant was in no manner prejudiced by the failure to file the supplemental abstract in proper time. It was merely a correction of appellee's abstract in the respects in which appellant claims it was deficient. Upon a full consideration of the whole record, we discover no good reason for disturbing the judgment.                AFFIRMED.

5. INSTRUCTIONS: to be considered together: repetition.