IN RE ESTATE OF JENS ANDERSEN.

ANE MARIE ANDERSEN ET AL., APPELLANTS, V. CHRIS S. BORGAARD, EXECUTOR, ET AL., APPELLEES.

FILED DECEMBER 17, 1908.    No. 15,381.

Wills: DEVISE: CROPS.  Unless reserved, crops standing upon the ground, matured or not, pass to the grantee named in a deed of conveyance, or to a party to whom the land is devised.

APPEAL from the district court for Kearney county: ED L. ADAMS, JUDGE.  *Affirmed.*

*J. L. McPheely,* for appellants.

*Lewis J. Paulson, contra.*

DUFFIE, C.

Does a crop of corn which has matured, but which remains ungathered upon the stalks, pass to a devisee of the land, or is it personal property in such a sense that it passes under a paragraph of the will devising personal property?  The question arises in this way: Jens Andersen departed this life November 27, 1905, in Kearney county, Nebraska.  His last will and testament, bearing date August 14, 1902, was duly admitted to probate December 27, 1905.  He left surviving him three nephews and five nieces.  The nephews resided in Kearney county, and his nieces resided in the kingdom of Denmark.  To

each of his nephews he devised 80 acres of land, and the remainder of his estate he left to his nieces, the bequests being as follows: "I give, devise and bequeath unto my beloved nieces now living in Roskelda, Denmark, whose names are as follows: Karen Marie Andersen, Kestine Andersen, Ane Marie Andersen, Maren Andersen and Sise Marie Andersen, the remainder of all my property of whatever nature, share and share alike, to be divided after my death and sold and the proceeds to go to the aforesaid nieces, share and share alike." The three 80-acre tracts devised to the nephews were occupied by tenants, who had planted corn on a portion thereof, which at the time of the testator's death it is agreed had matured but which had not been gathered. The nieces made claim to the landlord's share of the crop, upon the theory that the same was personal property, and did not pass to the nephews, who took title to the land under the will of the testator. The probate court awarded the corn to the nephews, and on appeal the district court affirmed the holding. The nieces have appealed.

We may regard it as settled in this state that annual crops growing on the land do not pass to the purchaser at judicial sale. *Aldrich v. Bank of Ohiowa,* 64 Neb. 276; *Foss v. Marr,* 40 Neb. 559; *Monday v. O'Neil,* 44 Neb. 724. These cases appear to be based upon *Beggs v. Thompson,* 2 Ohio, 95, and *Cassilly v. Rhodes,* 12 Ohio, 88. That this rule does not obtain between grantor and grantee is evident from what is said by the court in *Cassilly v. Rhodes.* The first paragraph of the opinion is in the following words: "If the question were between the grantor and grantee, whether growing crops, annual or other, pass by a deed of sale, it would be of easy solution. They are not, technically, 'emblements' but 'issues' or 'profits,' and part of the land, while in the owner's hands, and, unless excepted, pass by the deed, because it is construed most strongly against him who makes it." That this is the rule of the common law is asserted by all textwriters. 1 Kerr, Real Property, sec. 50, says: "Growing crops planted by

the owner of the soil are a part of the realty, and, as a general rule, will pass with it on conveyance, even though reserved by parol by the grantor at the time of sale. And this seems to be the case even though the crops are at the time standing in the field unharvested, although ripe, and the season for gathering them is long past." Ohio and Pennsylvania are named by the author as two states where growing crops are held to be personal property to the extent that a parol reservation made by the grantor will be enforced, but even in these states, if no reservation of the crops are made either in the deed or by parol, the crop passes to the grantee. It is said in 4 Kent, Commentaries, p. *468: "If the land be sold without any reservation of the crops in the ground, the law is strict as between vendor and vendee; and I apprehend the weight of authority to be in favor of the existence of the rule that the conveyance of the fee carries with it whatever is attached to the soil, be it grain growing, or anything else, and that it leaves exceptions to the rule to rest upon reservations to be made by the vendor." In *Baker v. Jordan*, 3 Ohio St. 438, the vendor made parol reservation of a crop of corn upon the land. The court enforced the reservation in favor of the vendor. It said: "A deed purports to convey the realty. But what is the realty? Growing corn may be part of it, for some purposes, but it is generally to be considered as personalty. If the parties to a deed, either by words or their behavior, signify their understanding, that as between them it is personalty, the law will so regard it, and will respect their intention in the construction of the deed. When the evidence of such understanding is produced, it is not to contradict the deed, for with that it is perfectly consistent; but it is to show that what in some instances would go with the lands as part of the realty, was, in that case, converted into personalty by the will of the parties, and thus to hold the deed to its true meaning and effect." While holding that the reservation might be shown by parol, the court in opening its opinion said: "That growing corn will pass by common deed of the lands

whereon it grows, when no valid conversion of it into personalty is shown to have preceded the conveyance, cannot be doubted." In *Tripp v. Hasceig,* 20 Mich. 254, it is held: "Ripe crops, although no longer drawing nourishment from the ground, will, if still unsevered, pass by a conveyance of the land." In the body of the opinion it is said: "We concur in the suggestion of the circuit judge that whether the corn would pass or not could no more depend upon its maturity or immaturity than the passage of a standing forest tree by the conveyance of the land, would depend upon whether the tree was living or dead." Numerous authorities are cited in the opinion showing this to be the rule of the common law. To the same effect is *Damcry v. Ferguson,* 48 Ill. App. 224.

We have no statute such as obtains in some of the states, notably New York and Ohio, making crops, growing on the land of a decedent at the time of his death, assets going to the executor or administrator to be applied and distributed as part of his personal estate. Even were such a statute in force in this state, we would have to hold, if we followed the court of appeals of New York, that growing crops passed to the devisee, if not necessary to pay debts existing against the estate or legacies under the will of the deceased. *Bradner v. Faulkner,* 34 N. Y. 347. In the body of the opinion it is said: "In this case there seems to have been no debts, and the sale of this wheat, it is not pretended or claimed, was necessary for the payment of legacies. When it legally appeared that this wheat was not necessary for the payment of debts or legacies, the executor should then dispose of it as directed by the will. To whom, then, did the wheat ultimately belong? * * * At common law, crops growing on land passed to the devisee of the land. This was conceded on the argument. They passed to the devisee upon the presumed intention of the testator, that he who took the land should take the crops which belong to it."

We think it is well settled that as between grantor and grantee, or devisee and the executor, or an heir of the

deceased, crops growing upon lands conveyed by deed or devised by will pass to the vendee or devisee. "Emblements are corn and other crops of the earth which are produced annually, not spontaneously, but by labor and industry, and for this reason are called 'fructus industriales.' They are chattel interests, which go to the executor as against the heir of the testator, but not usually as against the devisee of the land on which they are growing at the death of the testator. As between the devisee of the land and the executor the matter is one wholly of intention. If there is no clear evidence of an intention in the will that the testator intended emblements to go to the executor, they will pass with the land devised, upon the theory that the testator would not have given land away from his heir without also giving those things which would make it more valuable to the devisee. This presumption in favor of the devisee is rebuttable by showing an express or implied specific gift of the emblements to some one else, though not by a mere residuary clause." Underhill, Law of Wills, sec. 306, and cases cited. Relating to the executor's right of possession of the land devised to the nephews, we do not think that it can change the right of the parties to this action.

We are urged to hold that a fully matured crop, although standing on the ground, is personal property, which does not pass with a conveyance or devise of the land. We do not think that this rule should obtain. If the grantor or testator intends to reserve a crop standing upon the land, it is easy to make such reservations; whereas, to hold that the question of whether the crop passed with a deed or devise of the land depended upon whether the crop had fully matured would raise numberless controversies as to the condition of the crop at the time of the conveyance. In adopting a rule it is always better that it should be such that no controversy is likely to arise over its application. We hold therefore that, until a crop is severed from the land upon which it is grown, it is such part of the real estate as will pass by a

deed of conveyance or by a devise of the land, unless reservation thereof is made in the deed, or there is evidence contained in the will of the testator that the devisee of the land should not be entitled to the crop.

In the present case there was a large amount of personal property left after paying all claims against the estate. This, together with 240 acres of land, was devised to the five nieces, share and share alike. We find nothing in the will that indicates any intention on the part of the testator to convert the corn crop growing upon the tracts devised to his nephews into personal property that it should pass to his nieces as such, and we hold therefore that the district court correctly held that it passed to the nephews as a part of the land devised to them.

We recommend an affirmance of the judgment.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.