KETTERING et al, Appellants, v. BARBER et al, Respondents.

(159 N. W. 133.)

(File No. 3893.   Opinion filed September 9, 1916.)

1. **Mortgages—Foreclosure—Mortgagor's Rights, Rents and Profits—Statute.**

   Under Code Civ. Proc., Sec. 656, providing that the purchaser of land at a mortgage foreclosure sale shall not be entitled to its possession during the year of redemption, and Sec. 383, entitling the mortgagor or other person in possession of the mortgaged realty to retain possession thereof during the year of redemption, held, that the mortgagor is entitled to the use, rents and profits during the year of redemption, including crops harvested during said year.

2. **Landlord and Tenant—Farm Lease—Assignment, Delivered to Assignee's Son—Rights of Assignee Against Cropper, Lessee's Contractor.**

   Where the lessee of land for one year, who was to pay a money rent for the hay land and part of the grain to be raised on the balance of the land, executed an assignment of the lease, which was delivered to the assignee's son, of which assignment the assignee had no knowledge until after one who entered and cropped the land under a contract with the lessee had taken possession, and where neither the assignee nor his son asserted any rights until after a crop had been raised, harvested and part thereof removed by the cropper, held, that the assignee was entitled to no part of the crops.

3. **Mortgages—Foreclosure—Unharvested Matured Corn, Rights of Mortgagor During Redemption Period.**

   Crops that have matured, such as corn, though unharvested at the time of the issuance of sheriff's mortgage foreclosure deed of land, do not pass to the grantee in the

deed, but belong to the mortgagor or the tenant, and may be harvested and retained by him.

Appeal from Circuit Court, Beadle County. HON. ALVA E. TAYLOR, Judge.

Action by John W. Kettering and another, against Roy C. Barber and others, to recover a crop of wheat, etc., or its value. From a judgment for defendants, and from an order denying a new trial, plaintiffs appeal. Judgment and order affirmed.

*A. W. Wilmarth,* for Appellants.

*Null & Royhl,* for Respondents.

(1)  To point one of the opinion, Appellants cited: Stout v. Keys, 2nd Doug., (Mich.) 184, 43 Am. Dec. 65; Read v. Swan, 133 Mo., 438, 34 S. W. 483; Hubbs v. Swabacker, 51 W. Va. 438, 41 S. E. 164; In re Anderson, 83 Nebr. 8, 118 N. W. 1108, 17 Am. & Eng. Ann. Cas. 941; Cook v. Cook, (N. J.) 90 Atl. 1045; Vol. 27 Cyc. p. 1491, and notes; Warner v. Sohn, 86 Nebr. 519 Vol. 21 Am. and Eng. Ann. Cases, 427; Tripp v. Hasceig, 20 Mich., 254. 4th Am. Rep., 388; Freeman v. Mc-Lennan, 26 Kan. 151.

Respondents cited: Code Civ. Proc. Sec. 383, 656; Rudolph v. Herman 4, S. D. 283; Siems v. Bank 7, S. D. 338.

(2)  To point two of the opinion, Appellants cited: Adams v. McKesson, 53 Pa. S., 81, 91 Am. Dec. 183; Brazier v. Ansley, 1 Ired, 12, 51 Am. Dec. 408 and note; 12 Cyc. 979; Goodwin v. Smith, 49 Kan. 351 (17 L. R. A. 284.)

(3)  To point three of the opinion, Appellants cited: Allen v. Elderkin, 22 N. W., 842; Beckman v. Sikes, 35 Kan., 592.

Respondents cited: Aldrich v. Bank, (Neb.) 57 L. R. A. 920; Hecht v. Dettman, (Iowa) 7 N. W., 495; Rehearing Hecht v. Dettman reported in 10 N. W. 241; Richards v. Knight (Iowa) 42 N. W. 584; Everingham v. Braden, 12 N. W. 142; In Re Anderson Estate, (Neb.) 118 N. W. 1108.

POLLEY, P. J.  Appellants brought this action to recover a crop (or its value) of wheat, oats, and corn raised on a quarter section of land in Beadle county during the summer of 1914.  Appellants acquired title to the land by purchase thereof of a mortgage foreclosure sale.  The sale took place and a sheriff's certificate of sale issued to appellants on the 23d day of September, 1913. No redemption was made, and on the 23d day of Septem-

ber, 1914, a sheriff's deed issued to appellants. At and for some time prior to said foreclosure sale, and during the year of redemption, defendant R. A. Long was the owner of said land. In September, 1913, said Long leased said land to the defendant R. C. Barber for a term of one year, for which lease Long was to receive one-third of all grain to be raised on the place and $1 per acre for the hay land. Some time thereafter Barber executed a written instrument whereby he "released all interest in lease" from Long to the appellant J. W. Kettering. In January, 1914, Barber entered into a written contract with defendant Langbehn, whereby Langbehn agreed to farm said land during the season of 1914. Prior to the commencement of this action Barber purchased and became the owner of Long's interest in the said crop, and Long had no interest in either the land or the crop when this action was commenced. Lankbehn went into possession of the land and raised the crop in question. At the time of the issuance of the sheriff's deed to appellants the wheat and oats had been harvested and removed from the land, but the corn was still standing unhusked in the field. The evidence showed, and the trial court found as a fact, that at the time of the issuance of the sheriff's deed the corn was fully matured and was no longer drawing or receiving any sustenance from the soil. Upon these facts the trial court held as a matter of law that the said corn did not pass to the appellants by virtue of the said sheriff's deed, and that the appellants had no right, title, or interest in or to any part of the crops raised on said premises during the summer of 1914.

[1, 2] Under the provisions of section 656, C. C. P., the purchaser of land at a mortgage foreclosure sale is not entitled to the possession of such land during the year of redemption, and under the provisions of section 383, C. C. P., the mortgagor is entitled to retain the mortgaged premises and to use them in the ordinary course of husbandry during the year of redemption. This has been construed by this court to mean that the mortgagor is entitled to retain the mortgaged premises and to use them in the period. Rudolph v. Herman, 4 S. D. 283, 56 N. W. 901; Siems v. Bank, 7 S. D. 338, 64 N. W. 167. This disposes of appellants' claims to such portion of the crop as had been harvested at the time of the issuance of the sheriff's deed by virtue of his pur-

chase at the sheriff's sale.  But they acquired no greater right by virtue of the lease claimed to have been assigned by Barber to appellant J. W. Kettering.  Said assignment was not delivered to said appellant, but to his son.  When knowledge of this assignment came to said appellant does not appear from the record, but it was certainly not until long after defendant Langbehn had taken possession under his contract from Barber.  Said appellant denies that his son had any authority to act for him in the matter.  The son never asserted any rights under the said assignment.  He never notified Langbehn that he had a lease or any right whatever in the premises, although he knew of the lease to Langbehn, and knew that Langbehn was on the place and raising a crop.  In fact, neither the said appellant nor his son ever asserted any rights, nor intimated to any one that they claimed any rights, under said assignment, until after Langbehn had not only raised said crop, but had harvested and removed a considerable portion thereof.  Under these circumstances appellants are not entitled to any portion of the said crop because of the said assignment.

[3]  The only remaining question to be determined is: Did the corn that was standing in the field pass to the appellants as a part of the realty when they acquired the fee to the land on the 23d day of September?  It is not necessary to state the rule applicable where the question grows out of ordinary conveyances between a grantor and grantee.  In cases where the purchaser acquires his title through mortgage foreclosure proceedings it is generally held that crops that have matured, though unharvested, at the time of the issuance of the sheriff's deed, do not pass to the grantee in the deed, but belong to the mortgagor or the tenant, and may be harvested and retained by him:  Cassily v. Rhodes, 12 Ohio, 88, citing 4 Kent, Com. 73.  In this case it was shown that the corn was fully matured and was drawing no sustenance from the soil when appellants acquired their title.  Therefore, under the above rule, title to the corn did not pass to the appellants, but remained in the defendants Langbehn and Barber, and they were rightfully decreed to be the owners thereof.  In re Anderson's Estate, 83 Neb. 8, 118 N. W. 1108, 131 Am. St. Rep. 613, 17 Ann. Cas. 941; Everingham v. Braden, 58 Iowa, 133, 12 N. W. 142; Richards v. Knight, 78 Iowa, 69, 42

N. W. 584, 4 L. R. A. 453; Hecht v. Dettman, 56 Iowa, 679, 7 N. W. 495, 10 N. W. 241, 41 Am. Rep. 131; Aldrich v. Bank, 64 Neb. 276, 89 N. W. 772, 57 L. R. A. 920, 97 Am. St. Rep. 643.

The judgment and order appealed from are affirmed.