C. ORVILLE LEE, Appellee, v. KATE M. JOSLYN, Appellant.

**VENDOR AND PURCHASER:** Agreement to Assign Lease Carries
1 Future Rents. An agreement that a vendee should, as part consideration for the purchase of land, receive an assignment of an outstanding lease, carries all future rent, even though a portion of the rent accrues after the date of the agreement, and prior to the transfer day.

**ASSIGNMENTS:** Agreement to Assign Equal to Actual Assignment.
2 An agreement to assign a lease on adequate consideration, is, as between the original parties, equivalent to an actual assignment.

**PAYMENT:** Execution of Notes. The execution of rent notes does
3 not constitute *payment* of the rent.

*Appeal from Sac District Court.*—E. G. ALBERT, Judge.

DECEMBER 14, 1918.

ACTION to recover money had and received by the defendant on account of the plaintiff. There was a trial to

the court, and a judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Chas. D. Goldsmith,* for appellant.

*Elwood & Tourgee,* for appellee.

EVANS, J.—In January, 1916, the plaintiff entered into a written contract of purchase with the defendant, whereby the plaintiff agreed to purchase, and the defendant to sell, a quarter section of land then under lease to one Gustafson. The contract provided for a settlement and conveyance on May 1, 1916. It also provided that the plaintiff should take the same subject to the Gustafson lease, and that he should receive an assignment of the lease from the defendant. The property was actually conveyed by the defendant to the plaintiff in April, and settlement was had; but no actual assignment of the lease was made at that time. The Gustafson lease covered, in fact, 480 acres of land, including the quarter section in question. The stipulated rent in such lease was $5.00 per acre. The rent for each year was represented by two notes of $1,200 each, payable October 1st and March 1st, respectively. Manifestly, if an assignment of the lease had been made to the plaintiff as to the quarter section purchased by him, it would carry to him one third of the entire rent stipulated therein: viz., $800 per year. The defendant, however, retaining possession of the lease, collected from Gustafson, on October 1st, the full amount due from him, less $267. In other words, she collected $133 of rent which the plaintiff claims should have been paid to him. The defendant collected such amount intentionally, on the theory that such rent began to accrue on March 1st and that she owned the land until May 1st, and was, therefore, entitled to one sixth of the annual rent for the year 1916. The general argument in her behalf is that she got no interest for her purchase

1. VENDOR AND PURCHASER: agreement to assign lease carries future rents.

money between March 1st and May 1st, and that she was, therefore, equitably entitled to receive the rent accruing for such period. One trouble with the argument is that it ignores the provisions of the contract. The provision that the lease was to be assigned to the plaintiff was, as between the parties, the equivalent of an actual assignment. An actual assignment would, as a matter of law, carry to the plaintiff the right to all future rents. *Van Wagner v. Van Nostrand,* 19 Iowa 422; *Townsend & Knapp v. Isenberger,* 45 Iowa 670; *Winn v. Murehead,* 52 Iowa 64; *Ferguson v. Epperly,* 127 Iowa 214; *In re Estate of Boyle,* 154 Iowa 249.

2. ASSIGNMENTS: agreement to assign equal to actual assignment.

It is further argued, on behalf of the defendant, that the rent had all been paid in advance, and that there was no further rent to accrue under the Gustafson lease. The fact upon which this argument is predicated is that all the installments of rent provided for in the lease were represented by promissory notes. It is said that this amounted to a payment of the rent in advance, and that the notes were accepted for that purpose. If this argument were sound, then defendant made a grave mistake in yielding any part of the rent to the plaintiff. By the terms of the lease, the rent notes were made a part thereof. The notes were payable at the time specified in the lease for the installments of rent, and bore no interest until after due. The notes were a convenient evidence of the installments of rent, and nothing more. They were no more a payment of the rent than the promise to pay in the lease itself would be a payment thereof. Indeed, the lease, with the notes as a part thereof, was in the ordinary form of such leases. If the defendant had found it necessary to resort to a landlord's attachment to collect her rent, she would doubtless have resented a plea of payment by note as a defense. We find no merit in the argument.

3. PAYMENT: execution of notes.

That the defendant lost the earning capacity of her land, as well as interest on the purchase money, between March 1st and May 1st, was a matter for her consideration in agreeing upon the terms of her contract. It was also an inducing consideration to the purchaser, who might not have purchased at all, without such inducement. We hold, therefore, that the assignment of the lease carried the future rents as to the purchased land. This was the finding of the district court, and its judgment is—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.