BURTON CLARK, Appellee, v. H. F. STROHBEEN, Appellant (two cases).

EXECUTION: Title and Right of Purchaser—Rents and Profits. A sheriff's deed issued on an execution sale against an owner-landlord carries the latter's share of a matured and unsevered crop of corn, raised under an unfilled and unexpired lease.

*Appeal from Buchanan District Court.*—G. W. DUNHAM and H. B. BOIES, Judges.

FEBRUARY 9, 1921.

ACTION at law to determine ownership of a fund of $736 resulting from a sale of corn grown on leased premises, as between plaintiff grantee in sheriff's deed and defendant landlord, against whom execution had issued on prior judgment, and upon which the sheriff's sale and deed to plaintiff were based. The

opinion states the facts. First case—*Affirmed;* second case—*Reversed.*

*Yoran & Yoran* and *Milton A. Smith,* for plaintiff.

*Cook & Cook, Chas. B. Kauffman,* and *E. C. Willis,* for defendant.

DE GRAFF, J.—Two cases between the same parties and involving the same facts and principles of law are presented on this appeal. On motion they have been consolidated, and the abstracts and arguments filed are applicable to both causes. The facts, briefly stated, are these: On the 27th day of November, 1916, a judgment was entered in the district court of Scott County, Iowa, in the sum of $2,150 and costs, in favor of the plaintiff, Burton Clark, and against the defendant, H. F. Strohbeen. A general execution issued thereon to the sheriff of Buchanan County, Iowa, who made levy, September 17, 1917, upon certain real estate belonging to the defendant, Strohbeen. On the 16th day of October, 1917, the said real estate was sold under said judgment and execution to the plaintiff, Clark, who received a certificate of sale therefor. On the 23d day of October, 1918, no redemption having been made from said sale, a sheriff's deed was executed and delivered to the purchaser, Clark. On the 15th day of September, 1917, a contract of lease of the real estate in question was entered into by the defendant, Strohbeen, with one Fred W. Prather, who was originally made a party defendant to the action; but, by reason of a filed stipulation, the cause was dismissed as to him. Under the terms of said lease, Prather agreed to pay Strohbeen "$250 for 80 acres of pasture and two fifths of crop raised on farm. Said rental to be paid promptly as follows: Giving note of $250 due October 1, 1918, without interest. And crop to be delivered in bins, and later hauled to town."

At the time plaintiff received and recorded the sheriff's deed, to wit, October 23, 1918, there was on said real estate 40 acres of corn, unharvested and not severed from the soil, but alleged by the plaintiff to be fully matured. This latter fact was denied in the answer to the original petition.

It further appears that, prior to the trial of the first cause noted in the caption of this opinion, it was stipulated that the tenant, Prather, should harvest the corn in controversy, sell same, and deposit the proceeds thereof with the clerk of the district court of Buchanan County. This was done, and there was placed on deposit the sum of $736, subject to the determination by the court of the ownership thereof. Trial was had, and the jury returned a verdict finding for the defendant. A motion for new trial was thereafter made, which was granted by the trial court, Judge Dunham presiding. From this ruling, the first appeal is taken.

I. No purpose will be served in reviewing the contentions of appellant in the first case, as they will be decided by the principles governing the correctness of the ruling on demurrer in the second case. The controlling propositions in both cases are the same. The ruling of the court granting new trial was correct, and the order entered therein is, therefore, affirmed.

II. Subsequently to the entering of the order granting a new trial, plaintiff, Burton Clark, filed in the same cause of action his amended and substituted petition, to which the defendant Strohbeen filed demurrer. Count I of said petition, after reciting the judgment, sale, and delivery of sheriff's deed heretofore mentioned, alleged that, at the time of the delivery and recording of the sheriff's deed, there was a field of standing corn of about 40 acres on said realty, which was fully matured, but was unharvested, and was not then severed from the soil; that, by virtue of the sale and execution of the deed to the plaintiff, "all the right, title, and interest of the defendant, Strohbeen, in and to said crop of corn, or any part thereof, as owner of the soil on which said crop of corn was grown by the tenant, Prather, under a lease from said Strohbeen, from March 1, 1918, to March 1, 1919, and rent payable in a share of the crop, was wholly divested by said sheriff's deed, and that plaintiff acquired the same as a fixture attached to said realty, and as an appurtenance thereof."

Count II of said petition averred:

"That, under the conditions of said lease, the share of the defendant, Strohbeen, as landlord, had not accrued at the time of the delivery and the recording of the sheriff's deed by plaintiff

herein, and that, the two-fifths share of the said corn crop not having been set apart as the landlord's share, separated from the bulk of the crop and husked and delivered in bin in compliance with the terms of the lease, the said Strohbeen acquired no title or right of possession to the said two-fifths share of said corn crop."

The demurrer to Count I stated:

"That the petition, divested of its legal conclusions, fails to show that the said share rent was not due on October 23, 1918, and that, unless the plaintiff shows that the said share rent was not due, he does not establish title to it."

The demurrer to Count II of plaintiff's petition is worded in identical language.

The court sustained the demurrer to Count I, and overruled it as to Count II. Plaintiff elected to stand upon the ruling made, and judgment was entered against plaintiff for costs. From this ruling and judgment, the second appeal is taken.

As was said by Justice Dillon, in *Van Wagner v. Van Nostrand,* 19 Iowa 422:

"This cause may be decided by stating and applying certain legal propositions."

The issue in the instant case presents this question: Does a lessor's share of a crop of corn that is *matured,* but *unsevered* from the soil, pass to the grantee in a sheriff's deed as a fixture, appurtenance, or reversionary interest of the land of the judgment debtor, who was the prior owner and lessor of the land conveyed, the lease being unfulfilled and unexpired?

It is important, in making answer, to differentiate the underlying principle in landlord and tenant cases and cases involving rights between grantor and grantee. The distinction has been made and noted many times in the decisions of this court. In *Adams v. Beadle & Slee,* 47 Iowa 439, it is said:

"A very different rule obtains as between landlord and tenant."

The application of the principle is distinguished in *Hecht v. Dettman* (on rehearing), 56 Iowa 679, 682. The reasoning of this case is sound, and the principle is affirmed that matured and uncut grain on the premises belongs to the tenant, and not

to a substituted landlord who became such by purchase at a foreclosure sale and sheriff's deed issued thereon.    See, also, *Adams v. Beadle & Slee,* 47 Iowa 439.

In *Winn v. Murehead,* 52 Iowa 64, plaintiff was owner and lessor, and defendant was his lessee.    After the execution of the lease, and before the rent accrued, plaintiff conveyed the premises by warranty deed to one Yeiser.    The action was brought by the landlord to recover *the rent,* and was resisted on the ground that it passed by deed to grantee, Yeiser.    The deed contained no rent reservation.    Judgment was entered for the defendant lessee.    Under the facts, it was held that unaccrued rent, unreserved by recital in the deed, passes by a conveyance of the land to the grantee, "as do houses, fences, and other things appurtenant to and a part of the real estate."

In landlord and tenant cases, a conveyance of the leased land, unless a special reservation is made, gives to the grantee, as an incident of the title, the unaccrued rent under an existing lease, and he may collect it by virtue of the grant.    *Hall v. Hall,* 150 Iowa 277; *In re Estate of Boyle,* 154 Iowa 249; *Lee v. Joslyn,* 184 Iowa 1336.

If the grantor collects the rent from the lessee, the grantee may recover in assumpsit, as rent is an incident to the reversion.    *Van Wagner v. Van Nostrand,* 19 Iowa 422.

The tenant is accountable to the grantee, and is under no obligation to pay rent to grantor after sale of the leased premises.    *Stanbrough v. Cook,* 83 Iowa 705.

If the landlord loses title through judicial process, or by voluntary grant, the lessee becomes liable to the new owner for rent subsequently accruing, unless specially reserved.    *Johnson v. Siedel,* 178 Iowa 244.

It is to be observed that, in the application of the foregoing principle to landlord and tenant cases, the *maturity* of the crops on the leased premises is a controlling consideration.    If the crop is fully matured at the time of the voluntary conveyance, or of the execution of the sheriff's deed to the purchaser, it does not pass by the conveyance, but belongs to the tenant.    *Everingham v. Bradon,* 58 Iowa 133.

In the *Everingham* case, supra, plaintiff was a junior mort-

gagee, and by virtue of foreclosure proceedings secured a sheriff's deed, August 30, 1879. The first mortgagee had acquired title by deed from the owner, prior to the foreclosure by the second mortgagee, and thereby became a substituted landlord. The defendant thereby became lessee of the substituted landlord, and was in possession and occupancy of the premises as a tenant at the time of the delivery of the sheriff's deed to plaintiff. The crop was fully matured at that time. Judgment was entered in favor of defendant lessee, and correctly so.

In *Richards v. Knight*, 78 Iowa 69, plaintiff was a purchaser of the land on foreclosure proceedings of her mortgage thereon, and later she received a sheriff's deed. The former owner and mortgagor had leased the land to the defendant. Plaintiff brought this action on the theory that she was entitled to the corn growing on the leased land at the time of conveyance by sheriff's deed. The evidence disclosed that, at said time, the corn was fully matured, and no longer demanded nurture from the soil. Under the principle stated, the crop belonged to the tenant. The rights of the former owner were not involved, as plaintiff became a substituted landlord.

Natural growth and vegetation, which do not require a periodical planting, and while unsevered, are a part of the soil, and are real property. Blackberries growing on the bushes are a part of the realty. *Sparrow v. Pond*, 49 Minn. 412. Such growth is known in law as *fructus naturales* and emblements. Crops that require a periodical planting, like corn, are known as *fructus industriales*, "so that he that sows it may seem to have a kind of property *ipso facto* in it, divided from the land." *Grantham v. Hawley* (Court of common pleas, England, 1615), Hobart, 132. As between grantor and grantee, however, *fructus industriales* are regarded as a part of the soil, and, if attached to it at the time of conveyance, will pass as a part of the realty, without special designation. It would likewise pass by will to a devisee, and the same principle applies as between mortgagor and mortgagee.

Again we stress the thought that the principle stated finds application only in cases between grantor and grantee, *et sui generis,* whether title passes by voluntary conveyance or by deed under judicial sale; and the *maturity* of the crop is not in any

sense controlling, so long as it is unsevered from the soil and unreserved. In this class of cases, a leasehold interest in the land conveyed is a mere incident.

We now pass for a moment to cases involving asserted rights of the prior owner or grantor, or of the grantee against the grantor. As a preliminary proposition, it may be stated that a judgment debtor is not divested of title until after the expiration of the time for redemption, and not until title is vested in the purchaser by sheriff's deed. *Curtis v. Millard & Co.*, 14 Iowa 128; *Downard v. Groff*, 40 Iowa 597. Furthermore, a conveyance of land to which leasehold interests attach, passes all right, title, and interest of the grantor in said land, including the rights of the grantor in an unexpired lease, unless reserved by grantor. *Nelson v. Tracy*, 184 Iowa·1118; *Kane v. Mink*, 64 Iowa 84. The rule is the same, whether the sale is made by the owner or by a public officer under the law. The landlord becomes a trespasser if he enters upon the leased premises, and without the consent of the tenant appropriates possession to himself before the expiration of the term. Until the crop rent is severed and delivered by the tenant to the landlord under the terms of the lease, the exclusive ownership of the crop is in the tenant. *Rees v. Baker*, 4 G. Gr. 461. If the tenant fails to deliver, and damages result to the landlord, the tenant is liable. *A fortiori*, if the owner-landlord conveys the leased premises by deed without reservation, no implied license exists to go upon the land to harvest his crop rent, as all his right, title, and estate therein terminated by the conveyance. The landlord's rent share of an unsevered crop, if unreserved, passes by such conveyance to the grantee, and the grantor cannot assert any claim thereto, subsequently to the date of said conveyance. This is true whether the crop, *fructus industrialis*, is ripe or unripe, whether *matured* or *unmatured*. 12 Cyc. 977; Ewell on Fixtures *252; *Townsend & Knapp v. Isenberger*, 45 Iowa 670.

In the *Townsend* case, supra, the contest was between the assignee of the lease, the tenant, and the grantee in the sheriff's deed. The defendant tenant, Isenberger, by the terms of the lease of August 9, 1872, was required to deliver to the prior owner-landlord one third of the grain raised on the premises. The landlord assigned the lease to plaintiffs on December 2,

1872. Defendant Miller brought an action of attachment against the landlord, and levied upon the land leased. On July 19, 1873, a sheriff's deed was executed and delivered to Miller, who was the purchaser at the sale. The crop in question was not planted until after the attachment and the assignment of the lease; but, at the time of the conveyance by sheriff's deed, the grain was growing on the land. In determining the ownership of the grain, it is said:

" (1) The share of the crops reserved by the lease to the landowner is to be regarded as rent. * * * (2) The owner of the land acquired no property in the part of the crop reserved for rent, until it was set apart to him by the tenant. * * * (3) The rent was not paid, then, until the third of the crop was set apart by the tenant for the landlord, and was not payable until this could be done. (4) Rent reserved by lease and not accrued passes by a conveyance of the land to the grantee. * * * (5) A purchaser under an execution sale is entitled to the rent accruing or falling due after the execution of the sheriff's deed."

It was held that Miller acquired by sheriff's deed the right to the rent of the land, and that, when the third of the crop was delivered, according to the terms of the lease, in the granary, the property in the grain vested in him. See, also, *Tripp v. Hasceig,* 20 Mich. 254 (4 Am. Rep. 388); *In re Estate of Andersen,* 83 Nebr. 8 (118 N. W. 1108); *Hartshorne v. Ingels,* 23 Okla. 535 (101 Pac. 1045); *Jones v. Adams,* 37 Ore. 473 (50 L. R. A. 388); *Firebaugh v. Divan,* 207 Ill. 287 (69 N. E. 924); *Myers v. Steele,* 98 Kan. 557.

Count I of plaintiff's petition stated a cause of action, and the ruling of the trial court, in sustaining defendant's demurrer thereto, was error. Wherefore, the cause is—*Reversed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.