## ABERCROMBIE *v.* REDPATH.

Where, in a suit for work and labor in clearing a tract of land, to which the defendant pleaded a set-off for the rent of land, on which issue was taken, and on the trial the defendant offered to prove that plaintiff rented the land described in defendant's set-off, of one Detrick; that after plaintiff had so rented, defendant had purchased the land of Detrick, but that he did not make such purchase, until Detrick had consulted plaintiff, and plaintiff agreed with Detrick, that he would take and accept defendant as his landlord, in the place and stead of Detrick, to which testimony the plaintiff objected, which objection was sustained by the court, and the testimony rejected ; *Held,* that the court erred in rejecting the testimony.

If the rent accrued and became due after the purchase of the land by the defendant, in the absence of an agreement otherwise between the vendor and vendee, then the plaintiff became the lessee of the defendant, and was liable to him for the rent, without any new agreement or lease.

If there was no agreement between the vendor and the vendee, in relation to the rent, the power of the vendor over the premises would be gone, by the sale, and the vendee become possessed of all his rights and privileges, as to the rent.

There was between the lessor and the lessee, a privity both of estate and contract.

As between the assignee of the testator, by virtue of the purchase, and the tenant, there was at least a privity of estate, if not of contract.

In the absence of any agreement, the purchaser of the land would have a right to sue for the rent, at common law, by virtue of such privity.

If, however, there was not only this privity of estate, but also an agreement, legal in its character, then the case would be still stronger, being a right of action founded both on the privity of estate, and resulting from express contract.

If the right of the vendor to control the property is gone, and the vendee becomes entitled to the incidents as well as the reversion, he is, in fact, the real party in interest, and as such, under the Code, would be the proper person to prosecute for the rent; but in recognizing such right in the vendee, we are not to be understood as denying to the lessee any rights that may have been acquired by him before the sale, or before notice thereof.

Whether the lessee had an estate at will, or any other leasehold interest, if the rent accrued and became due after the purchase, the vendee had a right to recover for the same in his own name.

If the lessee had an estate at will, without stipulation as to the amount of rent, then the lessor could recover for the use and occupation of the premises after his purchase.

If the lessee had an estate for years, and a stipulated rent was reserved, then the rent passed with the land, as an incident to the reversion, in the absence of agreement otherwise, between the vendor and vendee of the land ; and the

vendee could recover from the lessee for such rent becoming due subsequent to his purchase.

It is not necessary for all the parties to an agreement to be present, and assent to it, at the same time.

### Appeal from the Boone District Court.

ABERCROMBIE sued Redpath before a justice of the peace, claiming for work and labor in clearing a tract of land. The defendant pleaded a set-off to the amount of eighty dollars, for the rent of land. To this the plaintiff replied, denying that he rented land of defendant, or that he owed him any sum therefor. The cause was appealed to the District Court, and, on the trial, the defendant proved that plaintiff rented the land in defendant's set-off mentioned, of one Detrick; that after plaintiff had so rented, the defendant purchased the same of Detrick, but that he did not make such purchase until Detrick had consulted plaintiff, and plaintiff agreed with said Detrick, that he would take and accept the defendant as his landlord, in the place and stead of said Detrick. This testimony was objected to by the plaintiff, for the reason that any arrangement by said Detrick and defendant, in the absence of the plaintiff, was not binding in law upon said plaintiff. The court sustained the objection, and ruled that, before said contract would be legally binding, the parties to the suit should be present and make the same. The defendant excepted to this decision, and judgment was entered for the plaintiff for the sum claimed. The defendant appeals, and assigns for error the rejection of the testimony offered, and the ruling of the court thereon.

*J. E. Jewett*, for appellant.

*Bates & Finch*, for appellee.

WRIGHT, C. J.—In the consideration of this case, it is proper to first give a construction to the language used in the bill of exceptions. If the rent was due before the assignment of the reversion to the defendant by the plain-

tiff's lessor; or, in other words, before the purchase of the lessor's title, independent of any promise by the lessee to pay the rent so due to the purchaser, it would stand on, and be governed by, different rules, than if the rent accrued and became due afterwards.   We think the fair construction of the language used, is, that the rent became due after the purchase.   It was found that plaintiff agreed to accept the defendant as his landlord, in the place of Detrick.   It appears that Detrick did not, and would not, make such sale, until he consulted the plaintiff, his tenant.   In another part of the bill of exceptions, this agreement between the vendor and plaintiff is spoken of as an attornment, and the court held that defendant must have been present at the time of making such arrangement, before it would be legally binding.   Hence, we think it clear that the plaintiff was still 'in possession as tenant, if indeed his possession had commenced at the time of the sale; that the rent had not accrued and become due, and especially so, as the court below does not appear to have rejected the testimony upon any such ground as, that the covenant of the lessee had been broken before the purchase, or that the rent was before that time due, but solely upon the ground that the purchaser was not present at the time of the agreement between the vendor and the plaintiff.   So regarding this case, independent of any agreement, what were the rights of the purchaser as against the lessee, or what were their mutual rights, duties and liabilities?

The reasonable presumption, perhaps, is, that this plaintiff was in possession of the premises as a tenant at will.   There is no claim that he held for years, or any greater estate; and being there with the consent of the landlord, our law provides, that in the absence of any contrary showing, it will be regarded as a tenancy at will.   Code, § 1208.   But, whether so or not, if this rent accrued and became due after the purchase by the defendant, in the absence of any agreement otherwise, between the vendor and vendee, then plaintiff became the lessee of the defendant, and was liable to him for the rent, without any new agreement or lease.   The

powers of the vendor over the premises, in such case, would be gone, and the vendee becomes possessed of all his rights and privileges, as to the rent. There was between the lessor and the lessee a privity, both of estate and contract. As between the assignee of the lessor, by virtue of the purchase, and the tenant, there was at least a privity of estate, if not of contract. In the absence of the agreement spoken of, the purchaser would have a right to sue, by virtue of such privity, as we regard, at common law. If, however, there was not only this privity of estate, but also an agreement, legal in its character, then the case would be still stronger, being a right of action founded both on the privity of estate, and resulting from express contract.

Without referring to authorities in detail on the subject of defendant's right to recover for the rent, independent of a new lease or agreement, it may be proper to advert to a few that recognize the doctrine. In the case of *Howland* v. *Coffin*, 12 Pick. 125, this point was expressly ruled. There, one B. leased to R. for a term of years; R. sold to Coffin all his interest, and B. sold to Howland all his right in and to the premises. In a suit by Howland to recover the rent in his own name, it was held, that by the assignment or purchase of the reversion, the vendee became entitled to all the rights of the vendor or lessor. The rent was held to be an incident to the reversion, and the right of action perfect in the purchaser of such reversion. So in the case of *Willard* v. *Tillman*, 2 Hill, 274, suit was brought by the assignee of the lease, who, however, did not purchase the reversion. In such case, a doubt was expressed by BRONSON, J., in delivering the opinion, whether there was such privity of contract, let alone privity of estate, between the assignee and lessee, as would take it out of the general rule of the common law, which declared that choses in action are not assignable. But the right of such assignee, even in such a case, to sue in his own name, having been before settled by that court, in the case of *Demarest* v. *Willard*, 8 Cowen, 206, it was so recognized in this case in 2 Hill, 274. In case the reversion passed, however, it is stated, in express words, that

the vendee could maintain an action in his own name against the lessee, upon any covenant running with the land, whether in law or in deed. The same doctrine is recognized in Story on Contracts, §§ 931 *d* and 951 *b ; Montague* v. *Gay,* 17 Mass. 439.

And we further suggest, that these views, and the right of the vendee to sue in his own name, independent of any express agreement between him and the lessee, may well be maintained by the spirit and letter of our Code, which provides, that civil actions must be prosecuted in the name of the real party in interest. If the right of the vendor to control the property is gone, and the vendee becomes entitled to the incidents, as well as the reversion, he is, in fact, the real party in interest, and as such would be the proper person to prosecute for the rent. In recognizing such right, however, in the vendee, we, of course, are not understood as denying to the lessee, any rights that may have grown up to him before the sale or notice thereof.

If the above views are correct, it follows, that, whether this was as estate at will, or any other leasehold interest, if the rent accrued and became due after the purchase, the vendee had a right to recover for the same in his own name. If at will, without stipulation as to the amount of the rent, then he could recover for the use and occupation of the premises after his purchase. If not at will, but for years, and a stipulated rent was reserved, then it passed with the land, as an incident to the reversion, in the absence of agreement otherwise, and the owner of the land could recover for such rent subsequently becoming due. That there was no agreement otherwise in this case, is evident, from the fact that the record shows, that the vendor consented and procured the assent of the lessee, to accept the vendee in the place and stead of such vendor.

But let us look at the case, without reference to the above principles, in view of the agreement. The objection to the recovery of the vendee, as held by the court below, was, that the defendant was not present when plaintiff agreed to accept and receive him as his landlord. It appears, that

Detrick, the lessee, and the vendee, are regarded as parties to this agreement or contract. Detrick, while negotiating for the sale of his land, on which there was a tenant, goes to him, informs him of such negotiation, and the tenant then agrees that he will accept the purchaser as his landlord in the place and stead of Detrick. We cannot presume, that this agreement was void, testing it as between Detrick and the plaintiff. It is expressly stated, that the plaintiff agreed to do so, and the only legitimate conclusion is, that such agreement was a good and valid agreement, and not that it was void, unless it was so, or became so, because defendant was not present at the time. For it is expressly stated, that because he was not present, such agreement, though otherwise legally binding, became of no effect, and that defendant acquired no right thereunder. We do not understand such to be the rule. It is not necessary that all the parties to the agreement should be present, and all consent at the same time. There is nothing to show any dissent on the part of the defendant to this contract, on the contrary, all the circumstances would show a concurrence, and especially when, in this very proceeding, he seeks to enforce such contract, and to collect the rent thereon. It is not claimed that plaintiff was evicted from the land, or that he was in any manner disturbed in his possession. The rejection of the testimony is placed upon no such ground. This possession, use, and occupancy continued, and he had expressly agreed to recognize defendant as his landlord. It was not necessary that defendant should have expressly consented to this agreement. This assent may be presumed by his silence, and especially so, when it would be incumbent on him to dissent, if he did not agree, or when all of his acts are inconsistent with a disagreement. In this case, no act is shown indicating a dissent; on the contrary, by permitting the plaintiff to remain in possession, his concurrence in the agreement is fairly shown. By obtaining title, he had such an interest, as could well make him a party to the agreement, will import a sufficient and valid consideration, and enable him to recover on this promise or agreement. At most, it was

proper matter for the consideration of the jury, as to whether this was or was not, a mutual agreement.

Judgment reversed.