HATFIELD v. LOCKWOOD *et al.*

1. **Conveyance:** LEASE. A conveyance of realty, with the appurtenances, without reservation, conveys to the grantee the right of the grantor in an unexpired lease.

2. **Error without prejudice:** REVENUE STAMP. The judgment of the court below will not be reversed on the ground that a receipt, admitted in evidence, was not stamped, as required by the revenue laws — it appearing that the receipt was cumulative evidence only.

3. **Practice:** SPECIAL VERDICT. A party is entitled to a special verdict only upon material facts, upon which issue has been joined by the pleadings in the case; and it should be in a form which does not involve a statement of the evidence or conclusions of law.

*Appeal from Marshall County.*

MONDAY, APRIL 10.

THE plaintiff replevied two hundred bushels of corn from the defendants, who controverted his right to do so, by an answer denying the matters stated in the petition. A trial resulted in establishing the plaintiff's claim; and the defendants appeal.

*Brown, Henderson & Boardman* for the appellants.

*Bradley* for the appellee.

LOWE, J. — A reading of the record in this case will impress any fair, legal mind, that the court and jury reached

Hatfield v. Lockwood.

**1. CONVEY-** a just conclusion, and that their decision ought
**ANCE:** not to be disturbed. Yet the appellants, in their
**lease.**
assignment of objections to the regularity of the proceed-
ings below, make from one to nine inclusive, but in argu-
ment insist upon only two or three of these. To apprehend
them properly, it is necessary to state, that, in August,
1863, plaintiff purchased of the defendant, Edward C.
Hoxie, his farm, situated in Marshall county, in this State.
At that time the farm was in the possession of the defend-
ant, Renner, as the lessee thereof, who, by the terms of the
lease, was, among other things, to deliver one-third of
the corn in.the crib. The deed of the farm from Hoxie to
plaintiff was executed in August, 1863, in the State of
Michigan, where the parties to the same were at that time.
It was absolute in its terms, and made without any reserva-
tions, conveying the premises and all appurtenant thereto.
On the 23d of September thereafter, Hoxie gave plaintiff a
written order on the defendant, Lockwood, who was his
agent in Iowa, for his share of the corn crop on said farm.

Afterwards, Hoxie instructed Lockwood, his agent, not
to let plaintiff have the corn in question. The reason for
this instruction is not made known in the evidence or the
case. Lockwood communicated this instruction to Renner,
the tenant, who nevertheless gathered the corn crop in the
fall, and set apart one-third thereof in the crib for the owner
or landlord, whoever he might be. The corn thus cribbed
the plaintiff demanded of the tenant, who pointed the same
out, as thus set apart under his lease, but refused to deliver
it, for the reason above stated. The plaintiff thereupon
replevied. Now, the point which the appellants make,
and which they desired to have the court below instruct the
jury, is understood, in substance, to be this: That, under the
facts as stated (about which there is no dispute), there was, in
law, no such delivery of the corn, or passing of the title,
as would enable the plaintiff to maintain the action of

replevin. In this proposition we do not concur. The conveyance from Hoxie to the plaintiff, under the circumstances stated, in the absence of any agreement to the contrary, carried with it an assignment of the lease and all the rights which Hoxie had under the same, and vested them in the plaintiff, who was entitled to assert them as fully as Hoxie himself could have done had he not sold. When the tenant had cribbed one-third of the corn for the landlord, he had done what the terms of the lease required, and the ownership thereof vested at once in the landlord, which carries with it the right of possession. *Abercrombie* v. *Redpath*, 1 Iowa, 111; *Cassell* v. *The Western Stage Co.*, 12 Id., 47.

The court allowed the order above referred to, to be introduced as evidence which it is claimed was error, 2. ERROR WITHOUT PREJUDICE: revenue stamp. because it contained no revenue stamp. We stop not to inquire whether such stamp was requisite or not, for the reason no prejudice was done thereby to the defendants; its exclusion would not have weakened the plaintiff's right to recover. As evidence, it was only slightly cumulative in its character.

At the trial the appellants drew up in writing twelve distinct propositions, which they called questions of fact, 3 PRACTICE: special verdict. and requested the court to require the jury to find a special verdict upon each of the same. The court, as we think, properly refused. It is unnecessary to display these several propositions in the opinion. It is sufficient to say some of these questions were wholly outside of the case; others immaterial; others when found would have been conclusions of law; and still others when found would not have been the ultimate or conclusion of fact, but simply what the evidence was. To entitle a party to a special verdict under § 3079 of the Revision, he must present questions founded upon the material facts in the pleadings of the case, and that too in such a form as

not to elicit what the evidence was, or conclusions of law, but conclusions of fact as established by the testimony. In this respect none of the supposed questions of fact asked to be found were, in our opinion, unexceptional, and therefore the case should be, and the same is

Affirmed.