## Van Driel v. Rosierz.

Vendor and vendee: ASSIGNMENT OF BOND: RENTS. The assignment of a title bond for real estate does not invest the assignee with the right to rents of the premises that were fully accrued before such assignment. *Aliter,* if the assignment was before the rent had accrued.

*Appeal from Marion District Court.*

THURSDAY, APRIL 8.

THE facts, leading to the questions involved in this case, are as follows:

On the 1st of August, 1860, defendant sold to Van Dam certain real estate, giving him a bond for a deed;

the vendee being entitled to the rents and profits, and liable for taxes and repairs.   Van Dam, in writing, leased a portion of the premises so purchased to Sternberger, for one year, commencing March 1, 1863, the lease bearing that date.   On the 6th of March, 1863, Van Dam delivered this bond to plaintiff, with this indorsement, "For value received, I hereby assign to J. Van Driel all my right, title and interest to the real estate described in the within bond, and held by me by virtue of said bond.   A. VAN DAM."

The lessor (Van Dam) about the same time delivered to plaintiff the lease, but made no other transfer of it.

In October, 1864, plaintiff transferred the bond, and his interest in the lands, to Thompson, who, in January, 1865, received from defendant a deed, and thus acquired the full legal title.

Rosierz brought his action of right against Van Dam, and such proceedings were had that in the District Court he recovered judgment.   This judgment was, however, reversed in this court (16 Iowa, 175).   After recovering in the court below, and pending the appeal, said defendant (Rosierz) received from the tenant (Sternberger) the rents due and owing under the lease of March 1, 1863.

Plaintiff, who it will be seen held under the assignment of March 6, 1863, and by the delivery to him of the lease, brings this action to recover the rents so received, and applied to his own use, by defendant, between that date and the date of the assignment to Thompson.

Judgment for plaintiff, and defendant appeals.

*Seevers & Cutts* for the appellant.

*Stone, Ayres & Curtis* for the appellee.

WRIGHT, J.—The petition claims damages for cutting timber, and for other waste.   As the court below did not

Van Driel v. Rosierz.

allow any thing for this, we dismiss this part of the case without further notice. Nor was defendant allowed any thing "for repairs." The answer setting up the same is denied; the evidence is not before us; we can only presume that this part of defendant's case was not sustained, and thus far the judgment below must stand affirmed.

The material questions, however, relate to the action of the court in admitting the bond from defendant to Van Dam in evidence, and in holding that, by the assignment of said bond to plaintiff and delivery of the lease, he succeeded to the rights of Van Dam, and was entitled thereby to the rents and profits. And in this connection it is claimed that, by the assignment to Thompson, the right to recover for said rents passed to him, and that it did not, after that time, remain in plaintiff.

The assignment, by its terms, was more than a mere transfer of the writing, or bond. It invested plaintiff with all the right or interest held by the vendee (Van Dam), by virtue of said bond or contract. As such it was most important and legitimate evidence, as tending to show his interest in the land. How much it proved is not now a question. It certainly was not, as appellant insisted in the court below, "immaterial." Whether the assignment with the delivery of the lease invested plaintiff with the right to recover, is, however, the very question, and the other, hence, becomes unimportant.

And remembering that the transfer was made *before* the rent accrued, that the lease was for a year, and a stipulated rent named, that by the transfer plaintiff took the reversion to which the rent attached (in the absence of reservation), as an incident, — we say, remembering these things, the case is covered by what was ruled in *Abercrombie* v. *Redpath* (1 Iowa, 111), and the cases there cited. As the correctness of the rule there recognized is not controverted, we need not stop to maintain it.

Not only so, but under the statute, plaintiff (if not precluded by his own assignment to Thompson) would be the real party in interest, and as such, could properly sue, though the assignment did not in terms or in so many words, speak of or specify the rents.

And as to the sale to Thompson, we need only say that this was long *after* the rents accrued, and it would not pass by such mere assignment, without other words or circumstances, showing that it was intended to transfer this *debt* or accrued claim. It would not pass with the land. Plaintiff's *right to the rent* was not an interest in the land, which passed to Thompson by the transfer to him. It was his personal claim, and was no more transferred than any other demand which he might have held against the lessee or the defendant who had then received the rents to his own use.

Affirmed.