N. C. NELSON, Appellant, v. W. H. TRACY, Appellee.

**VENDOR AND PURCHASER:** Injury to Property. A vendee who receives full deed, subject to a known lease in another, may not maintain an action against the vendor for the value of improvements which are destroyed by fire, subsequent to the deed, and prior to the expiration of the lease.

**EVIDENCE:** Preliminary Negotiations. Negotiations, preliminary to the execution of a complete written contract, are merged in the said contract.

**LANDLORD AND TENANT:** Implied Assignment of Lease. An unrestricted conveyance by the landlord of leased premises impliedly carries to the grantee an assignment of the lease.

*Appeal from Buchanan District Court.*—G. W. DUNHAM,
Judge.

NOVEMBER 22, 1918.

ACTION for diminution in value of land after convey-
ance, but, as is alleged, before transfer of possession, re-
sulted in a directed verdict for defendant and judgment
thereon. The plaintiff appeals.—*Affirmed.*

*Cook & Cook,* for appellant.

*Tobin, Tobin & Tobin* and *R. J. O'Brien,* for appellee.

LADD, J.—In September, 1916, the parties hereto en-
tered into a written contract, by the terms of which defend-
ant undertook to sell to the plaintiff 80 acres of land, for

1. VENDOR AND
PURCHASER: in-
jury to prop-
erty.

$14,500, $1,000 to be paid down,—which
was done,—and the remainder "as soon
as first party executes and delivers to sec-
ond party a proper deed of conveyance" and an abstract
showing good title of record in the vendor. Time was made
of the essence of the contract. In pursuance of this con-
tract, a deed conveying the property to the plaintiff was
executed, October 2, 1916. At that time, one Gray was in
possession as tenant under the defendant, his lease expiring
March 1st following, which fact was known to plaintiff. On
February 23, 1917, the barn on the premises was destroyed
by fire. The petition alleges that its value was $1,600, and
that the value of the land was diminished in that amount,
and seeks recovery therefor, alleging that, at the beginning
of negotiations, defendant had stated that the land was
under lease to one Gray, until March 1, 1917, and that he
could not give possession until that time; that a portion of
the terms of sale was oral, and was that possession of the
premises was to be retained until March 1, 1917; and that
the contract was partly in writing and partly oral.

It may be conceded, without deciding, that, had defendant retained possession until the first of March, 1917, he would have been liable for the diminution in value. See *Davidson v. Hawkeye Ins. Co.*, 71 Iowa 532; *Bowdle v. Jencks*, 18 S. D. 80 (99 N. W. 98); *Smith v. Phoenix Ins. Co.*, 91 Cal. 323 (13 L. R. A. 475, 25 Am. St. 191).

On the trial, testimony tending to show what was said during negotiations, previous to entering into any agreement with respect to the sale of the land, was tendered; but this was rightly excluded, on the ground that all such talk was merged into the written agreement. Evidence tending to show a parol reservation of possession was tendered and received, subject to the objection that it tended to vary the terms of a written instrument; and subsequently, the objection was sustained, and a verdict returned for the defendant.

2. EVIDENCE: preliminary negotiations.

That Gray was in possession under a lease terminating March 1, 1917, was undisputed; and, as plaintiff had knowledge of this, he could not have ousted him before that time. *Yule v. Fell*, 123 Iowa 662. In the absence of reservation, the conveyance of the land to plaintiff by the defendant carried with it an assignment of the lease by defendant to Gray, and all rights defendant had under same, and vested them in plaintiff, who thereafter was entitled to assert them as fully as defendant might have done. *Hatfield v. Lockwood*, 18 Iowa 296; and cases cited in *Iowa Railroad Land Co. v. Boyle*, 154 Iowa 249, and *Hall v. Hall*, 150 Iowa 277. In the last-named case, testimony tending to establish a parol reservation of possession was received without objection. In the case at bar, the evidence, were it to be adjudged admissible, failed to establish such reservation. It appears that one McLeish acted as defendant's agent, and plaintiff testified that, with McLeish, he went to Mr. Tobin's office,

3. LANDLORD AND TENANT: implied assignment of lease.

and that the latter said he could get a loan on the farm in 30 days, to which the witness responded that he did not want it till the first of March, when he got possession; that Tobin replied that he could not promise him the money the first of March; that McLeish said Gray had possession until March first, and if he "wanted to go ahead, build up, fix up the house, he presumed he (plaintiff) could buy Gray off;" and that to this he replied that he would not buy him off. Manifestly, this did not establish the existence of a reservation of possession in defendant. It no more than indicated an understanding that Gray had the right to retain possession under the lease, and was not inconsistent with the thought that an assignment thereof would be effected by the conveyance of the land, in pursuance of the written contract. The offer to prove like matters does not obviate this conclusion.

Having reached this conclusion, it is unnecessary to determine whether evidence of a parol reservation of possession is admissible, where a warranty deed in usual form has been executed. There was no error in directing a verdict for defendant.—*Affirmed.*

PRESTON, C. J., EVANS and SALINGER, JJ., concur.