M. J. FRUM, Appellant, v. J. W. KUENY et al., Appellees.

**EXECUTION:** Sale—Deed—Notice of Homestead Right. The holder
of a sheriff's deed under execution sale necessarily takes the deed
subject to the homestead rights of the execution defendant of which
he had actual or constructive notice.

EXECUTION: Sale—Deed—Ownership of Existing Crops. On the issue whether the holder of a sheriff's deed was the owner of a crop of corn grown on the land, or whether the crop had matured, and therefore belonged to the tenant, the court will not take judicial notice that corn will mature on any particular date. The holding of the trial court on clearly competent and conflicting testimony is final. (See Book of Anno., Vol. 1, Sec. 11744, Anno. 19 *et seq.*)

Headnote 1: 29 C. J. p. 979. Headnote 2: 4 C. J. p. 883; 23 C. J. p. 156.

*Appeal from Woodbury District Court.*—ROBERT H. MUNGER, Judge.

FEBRUARY 16, 1926.

A TEMPORARY injunction issued against the defendants upon application of the plaintiff, and subsequently a motion to dissolve was filed by the defendants. Upon a hearing on said motion, and after all of the evidence had been introduced, it was agreed by the parties in open court that the matter should be submitted on its merits, as if the cause had been tried on the issue of a permanent injunction. The trial court sustained the motion to dissolve, and a permanent injunction was denied. From the decree entered, the plaintiff appeals.—*Affirmed.*

*Henderson, Fribourg, Hatfield & Fribourg,* for appellant.

*Prichard & Prichard,* for appellees.

DE GRAFF, C. J.—This is an action commenced by M. J. Frum, as grantee under a sheriff's deed, against J. W. Kueny, the former title holder of the land, and Albert Kueny and Xaviour Kueny, as lessees of J. W. Kueny, for an injunction restraining the defendant-appellees from interfering with plaintiff's possession and from interfering with the right of plaintiff to remove certain standing corn, which, it is alleged, was raised on the land purchased by plaintiff at a sheriff's sale prior to the maturity of the crops. The controversy may be understood by a brief statement of the material facts.

Two judgments at law were entered against the defendant J. W. Kueny in favor of Danbury Trust & Savings Bank on January 13, 1922, and on March 14, 1923, respectively. At

the time the judgments were obtained, the defendant J. W. Kueny was the legal title holder of the east one half of the northeast one quarter and the east one half of the southeast one quarter of Section 14-86-43, Woodbury County, Iowa.

Subsequently to the entry of the judgments, the Danbury Trust & Savings Bank commenced an action in equity against J. W. Kueny, his daughter Rose, and the two sons Albert and Xaviour, to set aside certain transfers and mortgages executed by J. W. Kueny to his daughter and two sons, and to subject certain lands described in said instruments to the judgments heretofore mentioned. A decree was entered June 26, 1923, in the district court of Iowa in and for Woodbury County, which adjudged and determined that the said judgments were superior and prior liens to a certain mortgage executed by J. W. Kueny to his daughter Rose Kueny upon the lands heretofore described, except 40 acres (the NE ¼ SE ¼ Section 14-86-43) which the court found and decreed to be held and occupied by the said J. W. Kueny and his wife as a homestead.

Subsequently to the decree last mentioned, the Danbury Trust & Savings Bank caused executions to be issued on said judgments, and directed the sheriff to levy upon and sell the entire 160 acres of land herein described, including the homestead 40. Under the sale of August 14, 1923, the entire quarter section was sold to the original judgment creditor, and without notice to J. W. Kueny by the sheriff to select his homestead, and no selection was made by the sheriff. Under the sale of August 23, 1923, no notice was served upon the defendant J. W. Kueny to select his homestead, but prior to said sale, the said Kueny served notice of selection of his homestead, with plat attached, and also filed said plat for record in the office of the recorder of Woodbury County.

It is further shown that the defendant Xaviour Kueny entered into a written lease with J. W. Kueny on March 1, 1923, which lease covered the land heretofore described. The term of said lease, as recited therein, was five years, and the annual rental was $540.

On September 30, 1924, no redemption having been made, a sheriff's deed was delivered to the plaintiff, M. J. Frum, who

is the assignee of the certificate of purchase from the execution creditor, the Danbury Trust & Savings Bank.

I.   We recognize that a sheriff's deed ordinarily is presumptively valid, and that an attack thereon may not be made in a collateral proceeding.   See *Arnold v. Murphy,* 199 Iowa

1. EXECUTION: sale: deed: notice of homestead right.

934.   However, the grantee thereunder takes title subject to the rights and equities of which he had actual notice, or with notice of which he is constructively charged.   In the instant case, we are dealing with the homestead of the defendant J. W. Kueny, which homestead was included in the execution sale and conveyed by the sheriff's deed in question.   Under the statute, Section 10150, Code of 1924, the homestead is exempt from judicial sale, and this homestead is not within the exceptions defined by statute. Section 10155, Code of 1924.

Plaintiff's prayer for injunctive relief is bottomed on a sheriff's deed, and it is obvious that the homestead owner rightfully resisted the restraint sought by plaintiff to be imposed upon his title and ownership therein.   It would be idle to contend that the defendant owner, under the circumstances of this case, is compelled to institute a proceeding in the first instance to protect himself.   At the time plaintiff received the sheriff's deed, to wit, September 30, 1924, he had notice of the homestead right of the defendant J. W. Kueny.   Prior to the execution sale in question, a valid and unimpeached decree had been entered in a cause involving said land, in which proceeding the judgment creditor (plaintiff's assignor) was a party in interest; and, by the terms of said decree, 40 acres of this land had been set apart and was judicially determined to be the homestead of J. W. Kueny.   Furthermore, prior to the sale, the defendant had served notice of the selection of homestead, with plat attached.

The decree was binding upon the judgment creditor and his assignee.   The 40-acre tract was the homestead of J. W. Kueny, and the plaintiff was not entitled, under the circumstances of this case, to interfere with the rights of the owner therein.   It is obvious that J. W. Kueny had no interest in the land other than the homestead subsequently to the issuance of the sheriff's deed, on September 30, 1924.   His interest in an unsevered crop

is not involved. He has been paid his rent for the year in question. The only remaining pertinent question has to do with the rights of a tenant to a crop unsevered from the soil, but claimed by the tenant to have been fully matured at the time the plaintiff obtained title through the sheriff's deed.

II. This branch of the case presents two primary questions of fact: 1. Was the lease valid? 2. Was the corn then on the leased premises matured, in the sense that it was no longer deriving sustenance from the soil?

It is conclusively shown that there was a written lease between the two Kuenys, and its impeachment is based on apparent contradictions in the testimony of the landlord and the tenant, respectively, as to the amount of and time of making rent payments, and also on the circumstances attending the execution of the lease. In brief, the plaintiff claims that the lease was an afterthought and a mere subterfuge on the part of the defendants, to defeat the rights of the plaintiff herein. We do not deem that mere inconsistency of statement in the particulars mentioned is of the essence of the proof bearing upon the validity of the lease, and sufficient to warrant a court, under the instant facts and circumstances, in holding the lease invalid.

2. EXECUTION: sale: deed: ownership of existing crops.

The lease being viewed as valid, it follows that this action does not concern the rights of the defendant landlord J. W. Kueny, or his interest in the crops grown on the premises subject to the lease. The plaintiff-grantee under the sheriff's deed became a substituted landlord, and stands in the same relation to the judgment debtor as though he were a purchaser on the same date under a voluntary conveyance from the judgment debtor himself. A sheriff's deed is a statutory conveyance, and stands upon the same basis as a conveyance by the owner. *Keefe v. Cropper,* 196 Iowa 1179.

A conveyance of land to which leasehold interests attach passes all the right, title, and interest of the grantor in said land, including the rights of the grantor in an unexpired lease, unless reserved. This is true whether the sale is made by the owner or by a public officer under the law. *Clark v. Strohbeen,* 190 Iowa 989. See, also, *Downard v. Groff,* 40 Iowa 597.

Crops unmatured and receiving nourishment from the soil

are a part of the soil, and necessarily pass by deed to a purchaser. *Newburn v. Lucas*, 126 Iowa 85; *Martin v. Knapp*, 57 Iowa 336. This is the applicable rule as between grantor and grantee. In the event of an existing lease, the lessor's share of a crop, if unsevered from the soil and unreserved, passes to the purchaser. This, however, does not affect the lessee's rights. A lessee, however, is bound to know the extent of the landlord's right and title, and, if a lessee plants a crop, knowing at the time that his right of possession will expire before the crop will mature and can be harvested, he must suffer the loss. *Wheeler v. Kirkendall*, 67 Iowa 612.

The facts in this case disclose that, when the lease was executed, there was a large judgment outstanding against the landlord, which constituted a lien on the land in question. When the tenant planted the crop in controversy, in the spring of 1924, the land had been sold, and a certificate of sale had issued to the purchaser. The tenant was bound to know that a sheriff's deed could issue one year after the execution sale.

There is, therefore, but one pertinent question. Were the crops unmatured and deriving sustenance from the soil on September 30, 1924? It is quite difficult to determine definitely, as a matter of fact, when crops or *fructus industriales* cease to take sustenance from the soil. We cannot take judicial notice that corn will ripen in Iowa on any particular date, nor can we legislate in this matter. It is a question of fact, and therefore requires proof. The twilight zone is seldom, if ever, free from doubt. In nearly every case of this character, the realm of fact is on the border line of the realm of opinion. It is true in this case. The evidence is not free from conflict, and the determination of the question, in the last analysis, depends upon the credibility of the witnesses who testified in this particular. Under such circumstances, we are not inclined to disturb the finding of the trial court that the corn on the leased premises "had matured and ripened; that the leaves upon the said corn were turning brown; and that said corn was receiving no material sustenance from the ground on September 30, 1924, and,

being ripened and matured, was not conveyed to the plaintiff by the sheriff's deed.''

The decree entered is—*Affirmed.*

EVANS, ALBERT, and MORLING, JJ., concur.