FIRST TRUST JOINT STOCK LAND BANK of Chicago, Appellant, v. J. F. INGELS et al., Defendants, Appellees; STATE BANK of Fayette, Intervener, Appellee.

No. 41933.

DECEMBER 12, 1933.

REHEARING DENIED APRIL 5, 1934.

Estey & Estey, for appellant.

L. R. Layton, for appellees Ingels.

Oliver W. Stevenson, and W. H. Antes, for appellee State Bank of Fayette.

MITCHELL, J.—On March 29, 1923, F. R. Winegar, who was the owner of the southeast quarter and the east half of the southwest quarter of section 36, township 93 North, range 9, west of the fifth P. M., Fayette county, Iowa, executed and delivered to the appellant for a valuable consideration his promissory note in the sum of $17,000, bearing interest at 5½ per cent, payable semi-annually, and, to secure said note, he made, executed, and delivered to the appellant a mortgage upon the real estate above described. The mortgage was duly filed for record on May 4, 1923.

On the 8th day of September, 1928, F. R. Winegar, who was still the holder of the legal title of the real estate described, entered into a written lease with J. F. Ingels and Zella I. Ingels, his wife, for the said real estate, and under and in accordance with the terms of the said lease it was to commence on March 1, 1929, and end on

the last day of February, 1932. The Ingels agreed to pay to Winegar an annual rental of $1,440, payable $600 on the 1st day of November and $840 on the last day of February of each year of the term. On the 26th day of November, 1928, F. R. Winegar made an assignment of the rents due him under the lease between himself and Ingels, to the State Bank of Fayette, an Iowa corporation. On the 26th day of November, 1928, the assignment executed by Winegar to the State Bank of Fayette was filed for record in the office of the county recorder of Fayette county, Iowa, and at all times since then the State Bank of Fayette was in possession of the rent notes.

On the 24th day of July, 1930, the appellant commenced its action in the district court of Fayette county, Iowa, to foreclose the Winegar mortgage on the real estate and to obtain judgment against Winegar. In the foreclosure proceedings the appellant named as defendants, F. R. Winegar and Stella S. Winegar, his wife, J. F. Ingels and Zella I. Ingels, his wife, the State Bank of Fayette, and all other persons having real or apparent interest in said premises and of record in Fayette county, Iowa. In the foreclosure action the appellant, in addition to asking for foreclosure of its mortgage as against Winegar and judgment for the amount due upon the said note secured by the said mortgage, also prayed for the appointment of a receiver to take charge of the said premises, to collect the income and profits therefrom. The State Bank of Fayette filed a separate answer in the foreclosure proceedings, in which it set up that J. F. Ingels and Zella I. Ingels were in possession of the mortgaged premises under a written lease with F. R. Winegar dated September 8, 1928, and that said written lease was duly assigned in writing by F. R. Winegar and Stella S. Winegar to the State Bank of Fayette. The State Bank of Fayette also in its answer set up that the assignment of said lease was duly filed for record in the office of the county recorder of Fayette county, Iowa, on the 26th day of November, 1928; that the lessee under said lease made, executed, and delivered promissory notes for all rentals to be due under the terms of said lease; and that the State Bank of Fayette took said notes and said lease for a valuable consideration and was still the owner and holder thereof; and prayed that the court refuse to appoint a receiver for said premises: and that it be adjudged that the State Bank of Fayette have a first, prior, and superior lien and claim upon all the rents and profits from the mortgaged premises, which were duly assigned to the State Bank of Fayette. On the 18th day

of September, 1930, in the said real estate foreclosure action, the appellant obtained a judgment for the amount due upon the said note as against Winegar, together with taxes advanced, abstract fees and attorney's fees, and decree foreclosing said mortgage and ordering that a special execution issue. Said cause was continued as to the question of appointment of receiver, the court retaining jurisdiction in that regard. On September 18, 1930, a special execution was issued and on October 18, 1930, said premises were sold to the appellant for the sum of $16,738.92, and the sheriff executed to appellant a certificate of purchase. This left a deficiency judgment in favor of the appellant and against the appellee F. R. Winegar of $1,000. On the 23d day of October, 1931, the sheriff executed and delivered to the appellant a sheriff's deed to the real estate described in the foreclosure action.

On the 17th day of November, 1931, the appellant filed in the Fayette district court a petition at law against J. F. Ingels and Zella I. Ingels, setting out that the appellant, since October 23, 1931, was the absolute owner in fee simple of the real estate which the Ingels had rented from the said Winegar, and was entitled to the use, occupancy, and possession thereof, and of any and all rents and income owing, accruing, or becoming due, or in connection with said premises, including said rental of $600 due and owing by the Ingels on November 1, 1931, and the said rental of $840 due on the last day of February, 1932, no part of which said rental had been paid. To said petition the appellees, J. F. Ingels and Zella I. Ingels, filed answer, in which they admitted that they entered into the written lease with F. R. Winegar covering the real estate described in appellant's petition, commencing March 1, 1929, and ending on the last day of February, 1932, at an annual rental of $1,440, payable $600 on the 1st day of November and $840 on the last day of February of each year after the commencement of said lease; and that they executed certain promissory notes for the amounts due under the lease. The said Ingels also in their answer set up that the written lease was assigned by Winegar to the State Bank of Fayette on the 26th day of November, 1928, and that the said Ingels had notice of the assignment of said lease and of said promissory notes, and had paid to the State Bank of Fayette the rentals for the years 1929 and 1930; that they were ready and willing to pay to the persons rightfully entitled thereto the amount which would be due on said rent notes on November 1, 1931, and the amount due on the last day

of February, 1932. The State Bank of Fayette filed its petition of intervention, having first obtained permission of court, in which it set out that for a valuable consideration F. R. Winegar on the 26th day of November, 1928, duly assigned to the intervener, the State Bank of Fayette, the lease between the said F. R. Winegar and the said Ingels covering the real estate described in the appellant's petition, together with the rent notes, stating that the said assignment was in writing, and duly filed for record in the office of the county recorder of Fayette county on the 26th day of November, 1928; that the intervener is the owner of said notes; and that there was due at the time of the filing of the petition of intervention, note of $600 together with interest. The intervener denied each of the other allegations in appellant's petition except those admitted in intervener's petition. To the petition of intervention the appellant filed answer, as also did the appellees, J. F. Ingels and Zella I. Ingels. The cause proceeded to trial. Evidence was offered and decree of the lower court was entered on the 8th day of December, 1932, in which the lower court divided the rents, allowing to the intervener the sum of $1,100, with interest, and to the plaintiff (appellant) $340, with interest. From said judgment and decree of the lower court, the appellant has appealed to this court. The appellees did not appeal from the decree and judgment of the lower court.

It is well to note in the beginning that in this case appellant is claiming nothing under its mortgage or under the receivership clause in the mortgage. It is, of course, the well-settled law in this state that the right of the holder of a mortgage upon real estate, pledging the rent and income as security to the mortgagee for the same, does not arise until action has been commenced to enforce collection of the debt. First National Bank v. Security Trust & Savings Bank, 191 Iowa 842, 181 N. W. 402. It is the claim of the appellant in this case that the transfer of the real estate under the sheriff's deed to the appellant passed all right, title, and interest of the grantor in the real estate, including the unaccrued rent of an attaching, unexpired lease. In the case at bar we are not confronted with the question of an innocent purchaser of the notes, for the assignment which was made by Winegar to the intervener and which is set out in the record, shows that said assignment was made as security for certain notes which Winegar owed to the intervener and for other purposes as set out in the assignment. There is no claim that the

intervener was an innocent purchaser for value before maturity of the notes.

In the case of Hall v. Hall, reported in 150 Iowa 277, at page 278, 129 N. W. 960, this court said:

"It is a well-settled rule that unaccrued rent passes to the purchaser unless it is reserved. Hatfield v. Lockwood, 18 Iowa 296; Van Driel v. Rosierz, 26 Iowa 575; Winn v. Murehead, 52 Iowa 64, 2 N. W. 949. But it is equally well established by the authorities that rent belongs to the person entitled to the possession of the premises when it becomes due. The right to possession and the right to lease necessarily involve the right to recover the rent reserved by the lease."

In the case of Goldstein v. Mundon, 202 Iowa 381, on page 383, 210 N. W. 444, 445, this court said:

"Under his sheriff's deed, the plaintiff succeeded instanter to all the rights of his grantor in said real estate. In so far as such grantor had become a landlord and was entitled to unaccrued rents, such unaccrued rents passed at once to the plaintiff. If any rental share of crops was due such grantor, as landlord, such rental share inured at once to the benefit of the plaintiff, and he became entitled to receive the same from the tenants in lieu of his grantor, and this is so regardless of whether the crops were matured or unmatured. Clark v. Strohbeen, 190 Iowa 989, 181 N. W. 430, 13 A. L. R. 1419; Adams v. Beadle & Slee, 47 Iowa 439, 29 Am. Rep. 487; Frum v. Kueny, 201 Iowa 327, 207 N. W. 372."

And in a very recent decision, First Trust Joint Stock Land Bank v. Ogle, reported in 208 Iowa 15, 221 N. W. 537, Justice Kindig, speaking for the court said:

"I. Conveyance of land passes all right, title, and interest of the grantor therein, including the unaccrued rent of an attaching unexpired lease. Nelson v. Tracy, 184 Iowa 1118, 169 N. W. 442; Clark v. Strohbeen, 190 Iowa 989, 181 N. W. 430, 13 A. L. R. 1419; Hall v. Hall, 150 Iowa 277, 129 N. W. 960; Johnson v. Siedel, 178 Iowa 244, 159 N. W. 677. We said in Johnson v. Siedel, supra:

" 'The authorities seem to hold that, without a special provision in the lease or by statute, rents are not apportioned in respect to time, so that the person who owns the reversion on the date the rent becomes due, is entitled to the entire rental matured that day.'

"II. Likewise, this doctrine of the law applies with equal force to a transfer of the premises under a sheriff's deed at execution sale. Goldstein v. Mundon, 202 Iowa 381, 210 N. W. 444; Clark v. Strohbeen, supra. Appropriate language in Goldstein v. Mundon, supra, is to the following effect:

" 'Under his sheriff's deed, the plaintiff succeeded instanter to all the rights of his grantor in said real estate. In so far as such grantor had become a landlord, and was entitled to unaccrued rents, such unaccrued rents passed at once to the plaintiff. If any rental share of crops was due such grantor, as landlord, such rental share inured at once to the benefit of the plaintiff, and he became entitled to receive the same from the tenants, in lieu of his grantor; and this is so regardless of whether the crops were matured or unmatured.' "

It thus appears from the cases cited that the appellant, who was the grantee in the sheriff's deed, was entitled to the rents because of the deed and because the rents run with the land which he acquired under the sheriff's deed. By assigning the rent previous to the issuance of the deed, which rent did not become due until after the sheriff's deed had been issued, the mortgagor cannot reserve the same so that it will not follow the land after the deed is issued unless such provision is contained in the deed or otherwise becomes a part thereof. The rights of the appellant are determined by the sheriff's deed, not by anything that may have gone on before. That deed conveyed the real estate. By that very conveyance the unaccrued rents follow the real estate unless there was a reservation in the deed or an independent reservation which affected the grantee in the deed. In the case at bar there was no reservation in the deed and the bid at the sheriff's sale contemplated no reservation. No reservation in fact was made. Had the rents accrued before the deed was executed, of course, the intervener (assignee of the rents) would be entitled thereto. In order to mature the rents it was necessary for the tenant to occupy the premises after the sheriff's deed was executed. In order for the assignee of the sheriff's deed to procure the unaccrued rents, it is not necessary that he make a new lease with the tenant or that he oust the tenant. He has the right to obtain those unaccrued rents because they inhere in the land itself. In order that there may be a reservation of the rents, there must be something in the deed or in some other contract to which the grantee in the sheriff's deed is a party which affects him in some legal way. In the case at bar

there was no reservation in the sheriff's deed, none contemplated at the time it was executed, and no claim on the part of the appellees that any reservation of any kind was made. Thus, as there was no reservation in the deed, the appellant was entitled to the unaccrued rents after the sheriff's deed was issued to the appellant and the lower court erred in dividing the rents. This case will be remanded to the lower court with the instruction to enter judgment in favor of the appellant for the full amount of the rents due, and that the costs of this case will be taxed to the intervener, and the petition of intervention is hereby dismissed.—Reversed.

ALBERT, C. J., and STEVENS, ANDERSON, DONEGAN, KINTZINGER, and CLAUSSEN, JJ., concur.