**FEDERAL LAND BANK OF OMAHA v. DAVIS et al.**

**No. 12142.**

Circuit Court of Appeals, Eighth Circuit.

May 15, 1942.

Don C. Young, of Omaha, Neb. (Harold J. Reed, of Omaha, Neb., and J. C. Pryor, of Burlington, Iowa, on the brief), for appellant.

Don K. Walter, of Burlington, Iowa (Jesse L. Thomas, of Burlington, Iowa, on the brief), for appellees.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The holder of a sheriff's deed to farm lands, sold under foreclosure proceedings in a state court, appeals from an order of the District Court permitting the farmer debtors to remain in possession of the premises under § 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. The question is whether the debtors had any interest in the lands at the time of the filing of the bankruptcy proceedings.

In February 1931, Andrew Davis and his wife, Ella May Davis, executed a mortgage on their farm in Lee County, Iowa, to Van Allen as security for a loan. In October of the same year, Ella May Davis died. After the death of his wife, Andrew Davis applied to the Federal Land Bank of Omaha for a loan on the farm. While his application was under consideration by the bank, Davis married his present wife, Floy E. Davis. In August 1934, the bank approved the application of Davis for a loan and, without knowledge of his second marriage, accepted a mortgage on the farm and a note for the money borrowed, executed by Davis alone. A portion of the proceeds of the loan from the bank was used by Davis to discharge the Van Allen mortgage and to pay certain taxes constituting a lien against the farm.

In March 1939, the bank instituted foreclosure proceedings in the State court and was met by a claim of the debtors for a homestead in the land conveyed by the mortgage. Under the law of Iowa the claim was good since Floy E. Davis had not joined in the execution of the note and mortgage. To meet this situation, the bank asked to be subrogated to the lien of the Van Allen mortgage and to the lien of the taxes, which had

been discharged by the proceeds of the bank's loan. After rendering judgment for the bank for the full amount of its loan, the court revived the lien of the taxes and of the Van Allen mortgage in favor of the bank and directed a special execution and sale of all of the farm to foreclose these liens. The amount of the decree in favor of the bank was greater than the amount secured by the liens for taxes and for the Van Allen mortgage. The court therefore directed the clerk to issue, upon the request of the bank, a second execution against all of the property, except the homestead, to satisfy any balance of the bank's claim which remained unpaid after the sale under the execution against the whole property. There was no appeal from this judgment.

On April 20, 1939, pursuant to the terms of the foreclosure decree, all of the real estate was sold to the bank for an amount necessary to satisfy the revived liens. After this sale, about $1,200 of the bank's judgment remained unpaid. On June 14, 1939, all of the real property, with the exception of the homestead, was sold under the second execution provided in the foreclosure decree to satisfy the balance outstanding in favor of the bank. Following each sale the sheriff delivered to the bank a certificate of purchase as required by law.

Under the law of Iowa a mortgagor has the right to redeem from a foreclosure sale within one year from the date of sale. Where property is sold subject to redemption, the sheriff is required to deliver a certificate to the purchaser certifying that unless redemption is made within one year after the sale, the purchaser will be entitled to a deed, and the sheriff is required to execute and deliver the deed upon expiration of the period of redemption. Code of Iowa, 1939, §§ 11773, 11774. Before the expiration of the period of redemption under the first sale, the debtors offered to redeem from that sale on condition that the bank accept the amount required for redemption in full settlement of its judgment in the foreclosure proceedings and surrender its rights under the second sale directed by the foreclosure decree. The bank declined this offer. On January 30, 1940, Davis and his wife filed a motion in the State court in which the foreclosure decree had been entered, to set aside the second sale on the ground that it created a cloud on the title to the farm and prevented their redemption from the first sale. They alleged that the bank, having pur-

chased the whole property at the first sale, "had no further lien upon the said real estate"; that the second sale was, therefore, contrary to the original decree of foreclosure, and "was unauthorized, contrary to law, and is illegal and void". On March 19, 1940, this motion was overruled by the State court. There was no appeal from this order.

On April 23, 1940, a year having elapsed since the date of the first sale and the statutory period of redemption having then expired, the sheriff executed a deed to all of the property and delivered it to the bank. On May 31, 1940, the debtors filed their petition in the United States District Court under § 75 of the Bankruptcy Act. The bank moved to dismiss the bankruptcy proceedings as far as they pertained to the land in question upon the ground that the sheriff's deed to the entire property under the first sale divested the debtors of all of their interest in the property. The petition in bankruptcy was referred to the conciliation commissioner who found the facts as herein stated, but recommended that the bank's motion to dismiss be denied. The court followed this recommendation and entered its order accordingly. From this order the bank appeals.

In denying the bank's motion to dismiss, the court below said concerning the decree of foreclosure in the State court: "The situation therefore is just this. We are controlled by the decree of the State court, whether it is good law or not, as we must give it full faith and credit. That decree provided that the right of redemption of the defendants, bankrupts herein, did not expire until the final proceedings had on the second execution and such proceedings had not expired at the time the debtors' petition was filed in this proceeding."

With this interpretation of the decree of the State court we cannot agree. The State court's decree provided for the foreclosure of separate and distinct liens. There is nothing in the decree which extends the statutory period of redemption from the first sale. The action of the State court in denying the motion of appellees to set aside the sale under the second execution against the property shows very clearly the court's interpretation of its own order. Obviously the State court intended in providing for a second sale to enable the bank to realize the full amount of its judgment in the event the debtors should exercise their right to redeem from the first sale. The motion of the debtors to quash the second execution re-

 

veals very clearly the intention of the debtors to procure the satisfaction of the full amount of the foreclosure decree under the bank's mortgage by paying the lesser amount required to redeem from the first sale. This was the right which they asserted and the court denied.

■■■ Under the laws of Iowa, the debtors were divested of all interest in the property upon the delivery of the sheriff's deed following the expiration of the period of redemption after the first sale. Upon the delivery of that deed, the bank succeeded instantly to all right and title of the debtors in the real estate in question. First Trust Joint Stock Land Bank v. Ogle, 208 Iowa 15, 221 N.W. 537; Wilson v. Wilson, 220 Iowa 878, 263 N.W. 830; Goldstein v. Mundon, 202 Iowa 381, 210 N.W. 444. The debtors had the right under the laws of Iowa to redeem from the first sale. This right had not expired at the time the court overruled their motion to set aside the second sale. Since the debtors were without any title to or interest in the land at the time their petition under § 75 of the Bankruptcy Act was filed, the bankruptcy court obtained no jurisdiction over the land in question. Compton v. Birnie Trust Company, 4 Cir., 76 F.2d 639; Union Joint Stock Land Bank of Detroit v. Byerly, 310 U.S. 1, 60 S.Ct. 773, 84 L.Ed. 1041; Wright v. Union Central Life Insurance Company, 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490. Section 75, sub. n, of the Bankruptcy Act, confers jurisdiction of the farmer and his land in proceedings under this section only in cases where the farmer at the time of the filing of his petition has some equity or right in the land involved in the proceedings.

There is nothing in Rudolph v. Clay, 194 Iowa 854, 190 N.W. 536, to sustain the right, asserted by the debtors here, to an extension of the period of redemption under the first sale until expiration of one year after the second sale. In that case there were two separate foreclosure sales of the same property. In the first foreclosure, certain necessary parties defendant were omitted. In the second, other necessary defendants were not joined. Upon discovery of these facts, the party who had purchased under both foreclosures brought suit against all omitted parties for the purpose of quieting title. The order of the court granting plaintiff the relief sought was conditioned upon the right of the defendants to redeem "from the original decree of foreclosure". A dispute arose over the meaning of this phrase, resulting in further litigation in which the court held that the phrase referred to the second foreclosure decree with regard to the rights of the defendants omitted from the foreclosure proceedings.

The order of the District Court is reversed, with directions to sustain the motion of the bank to dismiss the bankruptcy proceedings as to the lands involved.